IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KATHRYN M. SLATER,                  :
                                    :
                                    :  No. 4:04-CV-2096
                                    :
            Plaintiff               :  Notice of Removal
                                    :  Filed 9/22/04
                                    :
        v.                          :  (Judge Muir)
                                    :
NEWELL RUBBERMAID, INC., AND        :
UNUM LIFE INSURANCE COMPANY         :
OF AMERICA,                         :
                                    :
            Defendants              :


ORDER

July 8, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On August 20, 2004, Plaintiff Kathryn M. Slater, as
executrix of the estate of Lawrence Slater, and as a putative
beneficiary under an insurance policy on the life of Lawrence
Slater filed a complaint consisting of five counts in the Court
of Common Pleas of Northumberland County, Pennsylvania.  The
amount of the insurance policy is $182,000.  Named as Defendants
were Newell Rubbermaid, Inc. ("Newell"), and UNUM Life Insurance
Company of America ("UNUM"). On September 22, 2004, UNUM filed a
notice of removal to this Court pursuant to 28 U.S.C. §§ 1331 and
1441.  Newell joined in the removal by filing a certificate of
concurrence.

In count 1 of the complaint Plaintiff advanced the
state law claim of breach of contract against Newell and UNUM.
In count 2 of the complaint Plaintiff advanced the state law

claim of promissory estoppel against Newell.  In count 3 of the complaint Plaintiff set forth a claim of negligent misrepresentation against Newell.  Count 4 of the complaint was entitled "Coverage Under the Policy" and is leveled against UNUM. In this count Plaintiff contended "in the alternative" that if all the steps necessary to secure the insurance policy had been taken by Lawrence Slater's employer UNUM would be obligated to pay the policy proceeds of $182,000 plus interest.  Finally, count 5 of the complaint sets forth a claim against Newell for the amount of the policy under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

On June 29, 2005, the parties stipulated to the dismissal of UNUM.  The only counts remaining are counts 1, 2, 3 and 5 as they relate to Newell.

The gist of the remaining claims set forth in the complaint is (1) Mr. Slater was employed by a division of Newell, (2) Mr. Slater's employment was terminated on January 3, 2003, pursuant to a separation or severance agreement, (3) Mr. Slater had the option of continuing various benefits, including life insurance, on an individual basis, (4) Newell failed to notify Mr. Slater of his right to elect to continue his life insurance policy in the face amount of $182,000 on an individual basis in accordance with the provision of the life insurance benefit plan, (5) Mr. Slater died on February 6, 2004, and (6) UNUM declined to pay the life insurance policy because the appropriate paperwork was not processed in a timely manner. Plaintiff contends she

2

suffered monetary loss as a result of Newell's failure to abide
by the notification provisions of the life insurance benefit
plan.

On June 1, 2005, Newell filed a motion for summary
judgment and a brief in support. A brief in opposition was filed
on June 24, 2005.  The motion became ripe for disposition on July
5, 2005, with the filing of Newell's reply brief.

The court will consider the motion under the well-known
and accepted standards to be considered in determining whether or
not to grant summary judgment.  See Anderson vs. Liberty Lobby,
Inc., 477 U.S. 242, 247-48 (1986); Celotex Corporation vs.
Catrett, 477 U.S. 317, 324 (1986); Matsushita Electric Industrial
Co. vs. Zenith Radio, 475 U.S. 574, 586 (1986).  Federal Rule of
Civil Procedure 56(c) requires that the court render summary
judgment "forthwith if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to judgment
as a matter of law."  Fed. R. Civ. P. 56(c).  If, however, "the
evidentiary matter in support of the motion does not establish
the absence of a genuine issue, summary judgment must be denied
even if no opposing evidentiary matter is presented."  Advisory
Committee Notes to Fed. R. Civ. P. 56(e)(1963 Amend.).
Furthermore, the evidence and inferences therefrom must be viewed
in the light most favorable to the nonmoving party.  Matsushita

3

Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation, 477 U.S. at 323. This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325.

Rule 56 provides that, where a summary judgment motion is made and properly supported, the adverse party must show by affidavits, pleadings, deposition, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of its case that a reasonable judge or jury could find in its favor. Celotex Corporation, 477 U.S. at 322-23.

When addressing a motion for such a judgment, our inquiry focuses on "whether the evidence presents a sufficient disagreement to require [a trial] or whether it is so one-sided that one party must prevail as a matter of law." Anderson vs. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(emphasis added).

As summarized by the Advisory Committee on Civil Rules, "[t]he very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56,

4

Advisory Committee Note to 1963 Amendment.   In light of these principles the court will now address Newell's motion for summary judgment.

Plaintiff in her brief in opposition has conceded that Counts 1 through 3 are preempted by ERISA and contends that "this Court should proceed under ERISA's civil enforcement provisions" set forth at 29 U.S.C. § 1132.  We will, therefore, grant summary judgment in favor of Newell on Counts 1 through 3 of the complaint.

Pursuant to the civil enforcement provisions of ERISA, specifically 29 U.S.C. § 1132(a)(1)(B), a participant in an employee benefit plan, such as the life insurance policy involved in this case, may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."   This provision has been interpreted to allow a beneficiary to bring suit for damages stemming from an employer's failure to uphold its duties delineated in the plan.  See Kidder v. H & B Marine, Inc., 932 F.2d 347 (5th Cir. 1991)(upholding judgment against former employer for failure to notify employee of continuation of benefits).

While employed, Mr. Slater purchased $182,000 of life insurance coverage under the Newell-sponsored group life insurance plan underwritten by UNUM.  A premium for this coverage was deducted from Mr. Slater's January 15, 2003, pay period

covering his employment through January 3, 2003.  The deductions for Mr. Slater's coverage stopped under the voluntary group life insurance plan when Mr. Slater's employment terminated.

Under the express terms of life insurance benefit plan, Mr. Slater had two potential options for converting his group life insurance benefit into an individual policy.  One provision allowed Mr. Slater upon termination of employment to convert his group life insurance policy to an individual policy without evidence of insurability   Another provision permitted Mr. Slater to obtain "portable life insurance coverage" which required a representation that he did not have an injury or sickness which materially affected his life expectancy.  The application for portable coverage was required to be made within 31 days of termination of employment.

At the time of Mr. Slater's termination, the premium charged for the portability coverage was $184.44 per quarter. Mr. Slater was not diagnosed with cancer until sometime in March 2003. The premium charged for the conversion policy which did not require evidence of insurability was a lump sum payment of $4,118.66.

On May 22, 2003, Ms. Slater completed a "portability application" noting that Mr. Slater was diagnosed with cancer and forwarded the application to UNUM with a check in the amount of $184.44.  In a letter dated June 11, 2003, UNUM rejected the application because of Mr. Slater's medical condition on the ground that portability coverage required proof of insurability

and that the premium was inadequate for a conversion policy.
However, UNUM extended "the conversion time frame" for thirty
days from June 11, 2003 for Mr. Slater to apply for a conversion
policy "which does not require evidence of insurability."
Thereafter, Mr. Slater did not apply to have the group life
insurance policy converted to an individual policy.

Plaintiff in her brief in opposition to the motion for
summary judgment limits her right to recover to a claim that
Newell failed to (1) comply with the notice requirements of the
plan relating to portable life insurance coverage and (2) failed
to furnish Mr. Slater with the completed portability forms in a
timely manner.  See page 15 of Plaintiff's brief.  The argument
apparently is that if Newell would have notified Mr. Slater
within 15 days of his employment termination of his right to
obtain a portable insurance policy he would have applied for such
a policy before he was diagnosed with cancer and would have
obtained such a policy at a premium level of 184.44 per quarter.

Plaintiff's claim is not viable, however, because it
is not supported by the provisions of the plan.  There is no
provision in the plan requiring Newell to notify Mr. Slater after
his employment was terminated of his right to portable life
insurance coverage.

Plaintiff has not disputed that Mr. Slater received a
copy of the plan at the time he enrolled in the group life
insurance program. See Doc. 35, Plaintiff's Appendix in

Opposition to Newell's Motion for Summary Judgment, pages 1 through 47.

The plan is divided into several sections.  The sections that are relevant to our disposition of the pending motion are entitled "Life Insurance Benefit Information" which commences on page 24 and "Life Insurance Other Benefit Features" which commences on page 30.

The first section sets forth provisions dealing with conversion of life insurance benefits.  Under that section Mr. Slater and his dependents had the right to convert the group life insurance policy to an individual policy without evidence of insurability.  This section also contains a provision requiring the employer to notify the employee of his conversion rights. On page 27 the plan states as follows:

> Your employer must promptly notify each person of their conversion privileges within 15 days from the date that person's life insurance terminates.
>
> If your Employer does not notify that person within those 15 days, but does notify that person within 60 days from the date that person's life insurance terminates, the time allowed for that person to exercise their life conversion privilege will be extended 15 days from the date that person is notified.
>
> If your Employer does not notify that person within those 60 days, the time allowed for that person to exercise that person's life conversion privilege will expire at the end of those 60 days.

Immediately after this portion of the plan is a direction to the employee to "[a]sk your Employer for a conversion application form which includes cost information" and "complete the application, send it with the first premium amount to" UNUM.

8

Plaintiff's claim for damages turns on the question of whether or not Newell breached a duty under the life insurance benefit plan.  Plaintiff contends that Newell breached the notice provision.  We are unable to discern any triable issues of material fact with respect to this question. The notice provision relied on by Plaintiff is in the section entitled "Life Insurance Benefit Information" which contains provisions dealing with the right to convert a group policy to an individual policy without proof of insurability.

The section dealing with portable insurance coverage is entitled "Life Insurance Other Benefit Features" and has no notice provision.  Because there was no duty on the part of Newell to notify Mr. Slater of his right to obtain a portable insurance policy after his employment was terminated, Plaintiff's claim for damages under ERISA is not viable.  Furthermore, Mr. Slater received a copy of the plan and was on notice of its provisions.  The plan at page 31 required an employee to "apply for portable coverage for yourself and your dependents and pay the first premium within 31 days after" termination of employment.  We will, therefore, grant summary judgment in favor of Newell on Count 5 of the complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  Newell's motion for summary judgment (Doc. 25) is granted.

2.   The Clerk of Court shall enter summary judgment in favor of Newell and against Plaintiff on Counts 1, 2, 3, and 5 of the complaint.

3.   The Clerk of Court shall close this case.

s/Malcolm Muir
_____
MUIR, U.S. District Judge

MM:gs